UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JACOB FRANCIS LOTTMAN,<br><br>　　　　　　Movant,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 4:21-CV-04025-KES<br><br>ORDER DENYING MOVANT'S MOTION FOR APPOINTMENT OF COUNSEL |

　　　This matter is before the court on the *pro se* motion by movant Jacob Francis Lottman to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. Mr. Lottman now moves the court for an appointment of counsel to represent him at court expense. See Docket No. 3.

　　　"There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

　　　The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in United States District Courts, 28 U.S.C. foll. § 2255. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
> (2)  Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
> \*\*
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party29 f3d who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . .  These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary.  Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors."  Id.  Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

At this stage of these proceedings, the court concludes the appointment of counsel for Mr. Lottman is not in the interests of justice.  It has not yet been determined whether discovery will be taking place or whether an evidentiary hearing must be held.  To date, Mr. Lottman has done a good job of articulating

2

the law and facts in support of his motion to vacate, set aside, or correct, as well as articulating grounds for relief in other pleadings, including the instant motion for appointment of counsel.  The court will revisit this issue should the court conclude an evidentiary hearing is necessary or should other circumstances arise that cause the court to believe the interests of justice would be served by appointing counsel.

Accordingly, no good cause appearing, it is hereby

ORDERED that Mr. Lottman's motion for appointment of counsel (Docket No. 3) is denied without prejudice.

DATED this 17th day of February, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge